APPELLANT PRO SE
James H. Higgason, Jr.
Michigan City, Indiana

## In the
## Indiana Supreme Court



FILED

Apr 09 2008, 11:57 am

CLERK
of the supreme court,
court of appeals and
tax court

No. 46S04-0804-CV-167

JAMES H. HIGGASON, JR.

*Appellant (Plaintiff below),*

v.

INDIANA DEPARTMENT OF CORRECTION,

*Appellee (Defendant below).*

Appeal from the LaPorte Superior Court, No. 46D03-0608-SC-1024
The Honorable Paul J. Baldoni, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 46A04-0610-CV-582

**April 9, 2008**

**Boehm, Justice.**

James Higgason, Jr. brings this claim in the amount of $2109.11[1] for the cost of photocopying four copies of his 476-page habeas corpus petition.

The trial court dismissed Higgason's claim under Indiana's Three Strikes Law, Indiana Code § 34-58-2-1 (West Supp. 2007), finding that Higgason was barred from bringing a claim

---

[1] This number appears to be the sum of expenses Higgason would have had to pay the Northern District of Indiana for the clerk to make the required copies of his 476-page habeas petition, along with Higgason's actual expenditures in making the photocopies. Higgason's actual out-of-pocket expenses were only $205.11.

because he had filed three previous frivolous suits and was not in immediate danger of serious bodily injury.[2] Higgason appealed, arguing that the Three Strikes law violated the Open Courts Clause found in article 1, section 12 of the Indiana Constitution. The Court of Appeals affirmed the trial court and upheld the Three Strikes Law in an unpublished opinion. Higgason v. Dep't of Corr., No. 46A04-0610-CV-582 (Ind. Ct. App. Aug. 7, 2007). Judge Sullivan concurred in part and dissented in part, concluding that the Three Strikes Law is unconstitutional, but that Higgason's claim should still be dismissed as frivolous. Id. We grant transfer concurrent with this opinion.

For the reasons given in Smith v. Indiana Department of Correction, No. 49S02-0804-CV-166, __ N.E.2d __ (Ind. April 9, 2008), also decided today, we agree with Higgason and Judge Sullivan that the Three Strikes Law violates the Open Courts Clause of the Indiana Constitution. Higgason's claim may not be dismissed solely because of his earlier litigation.

Higgason claims he is entitled to money for photocopying costs because of a state-created right to gratuitous photocopies of legal pleadings. Specifically, Higgason cites Indiana Department of Correction policy 00-01-102, p. 6, § VII (9/1/2002 version).[3] Courts generally have the power to review state agency actions pursuant to the Administrative Orders and Procedures Act. See Ind. Code §§ 4-21.5-1-1 to -7-9 (2004); Montgomery v. Ind. Dep't of Corr.,

---

[2] The Three Strikes Law provides:

> If an offender has filed at least three (3) civil actions in which a state court has dismissed the action or a claim under IC 34-58-1-2, the offender may not file a new complaint or petition unless a court determines that the offender is in immediate danger of serious bodily injury (as defined in IC 35-41-1-25).

Higgason claims that the court should address his claim because he is in "immediate danger of serious bodily injury." However, Higgason's only claim for relief is for fees for photocopying, and not relief from alleged abuse or relief from future harm. This quoted allegation is an exception from the Three Strikes Law, which we have held is invalid. It adds nothing to his claim for copying costs.

[3] Higgason claims the policy states in pertinent part:

> In those cases where an offender does not have sufficient funds in the Inmate Trust Fund to pay for necessary copies of pleadings or other documents to be filed with a court, the facility shall provide the offender without charge:
>     A. Two (2) copies for the court or another amount as required by the court;
>     B. One (1) copy for each opposing party or their legal representative; and
>     C. One (1) copy for the offender's records.

794 N.E.2d 1124, 1126 (Ind. Ct. App. 2003). However, Indiana Code section 4-21.5-2-5(6) provides that AOPA does not apply to agency actions "related to an offender within the jurisdiction of the department of correction." As Justice Rucker put it, it is now "settled law" that "enforcement of prison disciplinary sanctions are not subject to judicial review." Israel v. Ind. Dep't of Corr., 868 N.E.2d 1123, 1124 (Ind. 2007) (Rucker, J., concurring) (citing Blanck v. Ind. Dep't of Corr., 829 N.E.2d 505, 510 (Ind. 2005)). Higgason's claim for copying costs under a Department of Correction policy, like challenges to prison discipline, is a claim challenging agency action that is "related to an offender within the jurisdiction of the department of correction." It is therefore, under settled law, "not a claim upon which relief may be granted" and so is dismissible under the Frivolous Claim Law. Ind. Code Ann. § 34-58-1 (West Supp. 2007).[4] We note that Higgason maintains the right to file a written grievance with the Department of Correction concerning the alleged violations of policy. 210 Ind. Admin. Code 3-1-15(h) (2004); Ind. Code § 11-11-1-2 (2004).

## Conclusion

---

[4] The sections of the Frivolous Claim Law relevant here are:

> Sec. 1. Upon receipt of a complaint or petition filed by an offender, the court shall docket the case and take no further action until the court has conducted the review required by section 2 of this chapter.

> Sec. 2. (a) A court shall review a complaint or petition filed by an offender and shall determine if the claim may proceed. A claim may not proceed if the court determines that the claim:

>> (1) is frivolous;

>> (2) is not a claim upon which relief may be granted; or

>> (3) seeks monetary relief from a defendant who is immune from liability for such relief.

> (b) A claim is frivolous under subsection (a)(1) if the claim:

>> (1) is made primarily to harass a person; or

>> (2) lacks an arguable basis either in:

>>> (A) law; or

>>> (B) fact.

The order dismissing Higgason's claim under the Three Strikes Law is reversed. This case is remanded to the trial court with instructions to dismiss the claim under the Frivolous Claim Law.

Dickson and Rucker, JJ., concur.

Shepard, C.J., concurs in result.

Sullivan, J., concurs in result believing that Ind. Code § 34-58-2-1 is constitutional as applied to Higgason but that the claim is subject to dismissal under Ind. Code § 34-58-1-2 in any event.