SULLIVAN, Justice.
While an inmate at an Indiana Department of Correction (“DOC”) facility, Aaron *1124 Israel, also known as Aaron Isby, stabbed Officer Douglas Darby in the neck with a knife. In a 1990 prison disciplinary proceeding, three years of disciplinary segregation were imposed and, relevant to this case, Israel was ordered to pay $8,363.85 in restitution for Officer Darby’s hospital, doctor, and ambulance bills. On November 20, 1996, a check in the amount of $2,800, a result of a class action lawsuit settlement, was deposited into Israel’s inmate trust account. On November 26, 1996, the DOC withdrew $2,800.17 from Israel’s trust account for restitution purposes.
Israel responded by filing a small claims action against the DOC in the Small Claims Division of the LaPorte Superior Court. His argument was that the DOC’s withdrawal of funds from his trust account violated the terms of a written agreement he had with a prison counselor that purported to limit the amount the DOC could withdraw from his account. The small claims court decided the case against him.
Israel appealed. The DOC sought dismissal of the appeal on grounds that the small claims court did not have jurisdiction to review a disciplinary decision against Israel, citing this Court’s recent pronouncement in Blanch v. Indiana Department of Correction that “[f]or a quarter-century, our Court has held that DOC inmates have no common law, statutory, or federal constitutional right to review in state court DOC disciplinary decisions.” 829 N.E.2d 505, 507 (Ind.2005). The Court of Appeals rejected the DOC’s jurisdictional argument, but decided the merits in the DOC’s favor. Israel v. Indiana Dep’t of Corr., 854 N.E.2d 1220 (Ind.Ct.App.2006) (mem.).
We grant Israel’s petition for transfer and hold that the trial court should have dismissed Israel’s lawsuit.
At issue here is the DOC’s enforcement of its disciplinary decision that Israel pay restitution for hospital, doctor, and ambulance costs incurred by Officer Darby after Israel stabbed him in the neck with a knife. Restitution here was a prison disciplinary sanction. It was “agency action related to an offender within the jurisdiction of the department of correction” and, as such, not subject to judicial review. Blanch, 829 N.E.2d at 510 (quoting Ind. Code § 4-21.5-2-5(6)). In addition, any arrangement the DOC may have made with Israel to specify how the sanction would be met would also have been “agency action” not subject to judicial review.
This case should have been dismissed for lack of subject matter jurisdiction.
SHEPARD, C.J., concurs and RUCKER, J., concurs with separate opinion.
BOEHM, J., dissents with separate opinion in which DICKSON, J., concurs.