STATE of Indiana and Indiana
Department of Correction,
Appellant–Defendant,

v.

Timothy MOORE, Appellee–Plaintiff.

No. 29A02–0811–CR–1039.

Court of Appeals of Indiana.

July 22, 2009.

Gregory F. Zoeller, Attorney General of Indiana, David L. Steiner, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

James D. Crum, Carmel, IN, Attorney for Appellee.

## OPINION

SHARPNACK, Senior Judge.

### STATEMENT OF THE CASE

Appellant/Intervenor Indiana Department of Correction ("DOC") questions the trial court's jurisdiction over this matter and argues that this case is not the proper venue for review of DOC's Sex Offender Management and Monitory Treatment Plan ("SOMM"). Appellee/Cross–Appel-lant Timothy Moore ("Moore") questions the application of the Indiana Trial Rules in this case. The State Public Defender and the Indiana Public Defender Council (collectively, "IPDC") have provided their "Brief of Amici Curiae" and urge this court to review SOMM.

We remand with instructions.

### ISSUES

The parties and IPDC raise the following re-stated issues:

I. Whether the trial court had subject matter jurisdiction in this matter.

II. Whether Indiana Trial Rule 53.3 prevented the trial court from ruling on DOC's motion to correct error after the passage of forty-five days from its filing.

III. Whether DOC was afforded due process under the circumstances of this case.

IV. Whether, under the circumstances of this case, this court should address the constitutional issue raised by Moore and IPDC.

### FACTS AND PROCEDURAL HISTORY

On June 27, 2005, the State filed an information charging Moore with three counts of child molesting. A jury subsequently found Moore guilty of one count of child molesting, as a Class C felony. "In accordance with the recommendations of the parties," Moore was sentenced to eight years with six years executed and two years on work release. (Appellant's App. at 10). Moore originally filed a notice of appeal with the intent of pursuing a direct appeal; however, he eventually filed, and this court granted, a motion for remand. Accordingly, the original appeal was dismissed without prejudice.

DOC required Moore to participate in SOMM as well as a Sex Offender Contain-

ment and Accountability Program ("SO-CAP"). Moore was willing to participate in both programs; however, the programs required him to admit guilt and to subject himself to polygraph examinations. Moore was concerned about these requirements because he maintained his innocence throughout the proceedings, and his counsel was investigating and preparing a petition for post-conviction relief.

On April 4, 2008, Moore's attorney wrote a letter to the SOMM counselor advising the counselor of Moore's concerns and the pending petition for post-conviction relief. (Appellee's App. at 107). The letter also informed the counselor that the attorney had advised Moore "to refrain from discussing the details of the case that led to his conviction and incarceration." *Id.* In addition, the letter stated that Moore and his attorney "were concerned that any effort to question or polygraph him regarding this incident will violate his Fifth Amendment right against self-incrimination." *Id.* The letter noted that "[t]he United States Supreme Court, in *Minnesota v. Murphy*, 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984), held that prison inmates, including sex offenders, do not forfeit the privilege of self-incrimination at the jailhouse gate." *Id.* The letter ended with Moore's attorney assuring the counselor of Moore's willingness to participate in the SOMM program and with the attorney's request that the counselor honor the attorney's advice. *Id.*

Without addressing Moore's Fifth Amendment claim, DOC determined that Moore was in violation of SOMM requirements, and it demoted Moore's Credit Class I to Class III. It also ordered Moore "out of school," effectively prohibiting him from completing his GED requirement and achieving the consonant sentence reduction. (Appellee's App. at 108–09). In addition, DOC changed Moore's visitation privileges from "contact" visitation to "video" visitation. (Appellee's App. at 110).

On May 28, 2008, Moore filed his "Motion for Restoration of Credit Time Classification and [DOC] Privileges" (hereinafter, "Moore's motion"), restating his claim of innocence, outlining DOC's actions, and referencing his attorney's letter pertaining to Fifth Amendment considerations. In addition, Moore's motion contained the following allegation in Paragraph 7:

The Supreme Court of Indiana in *Gilfillen v. State*, 582 N.E.2d 821 (Ind.1991) was confronted with a similar situation where Defendant continued to assert his innocence despite participating in sexual abuse therapy as a condition of probation. Gilfillen's refusal to admit guilt resulted in his probation being revoked and the imposition of a suspended sentence. The Supreme Court in *Gilfillen* found the requirement that Gilfillen admit guilt to be "unacceptable." *Id.* at 824. The court continued on to say that the revocation of probation based on Gilfillen's refusal to admit guilt was tantamount to requiring that he admit that he was guilty of crimes charged, in violation of his right to be free of self-incrimination. Much as the *Gilfillen* court resolved, [DOC's] change in credit time application has put [Moore] in a situation where he would have to admit guilt in order to avoid revocation of credit time. This scenario is exactly what was prohibited by *Gilfillen*. Accordingly, [Moore] seeks the court's intervention.

(Appellant's App. at 17). Moore's motion requested that the trial court issue an order to DOC "restoring [Moore's] credit time classification as originally imposed and reinstating all other privileges relating to visitation and education and for all other appropriate relief." (Appellant's App. at 18). In short, Moore was requesting that the court stop DOC from compelling him to make possibly incriminating statements.

The local prosecutor was served with the motion; however, the motion was not passed on to DOC. On July 14, 2008, after receiving no response to Moore's motion, the trial granted the motion and ordered DOC "to restore [Moore's] credit time classification as originally imposed and reinstate all other privileges relating to visitation and education." (Appellant's App. at 15).

On August 11, 2008, DOC filed a motion to intervene, a motion to correct error, and a memorandum in support of its motion to correct error. In the motions and the memorandum, DOC alleged that the trial court did not have subject matter jurisdiction to review and rule on Moore's motion because such review required the trial court to pass judgment on the propriety of DOC's disciplinary actions. On August 14, 2008, the trial court granted DOC's motion to intervene; however, it did not rule on DOC's motion to correct error within the forty-five days required by Trial Rule 53.3. Under the rule, therefore, DOC's motion was deemed denied on September 25, 2008. However, on October 23, 2008, the trial court issued an order purporting to grant DOC's motion to correct error. As noted above, DOC brings this appeal as an Intervenor/Appellant, and Moore is designated as the Appellee/Cross–Appellant.

## DISCUSSION AND DECISION

### I. SUBJECT MATTER JURISDICTION

 As DOC correctly notes, our supreme court has repeatedly held that Indiana courts have no subject matter jurisdiction to review prison disciplinary actions. *See Blanck v. Indiana Department of Correction,* 829 N.E.2d 505, 507 (Ind. 2005) and cases cited therein. When a trial court lacks subject matter jurisdiction, the complaint is subject to dismissal pursuant to Indiana Trial Rule 12(B)(1). *Id.* at 508. Resolution of the subject matter jurisdiction issue "involves determining whether the claim advanced falls within the general scope of authority conferred upon the court by constitution or statute." *Id.*

However, Indiana courts have held that other types of DOC actions may be reviewed by our courts. *See e.g., Ratliff v. Cohn,* 693 N.E.2d 530 (Ind.2005) (holding that a juvenile may seek declaratory and injunctive relief on the basis that her incarceration with adult offenders violated the Indiana Constitution); *Kimrey v. Donahue,* 861 N.E.2d 379, 382 (Ind.Ct.App. 2007), *trans. denied* (observing that a trial court has jurisdiction when an allegation is made that constitutional rights are being violated by DOC). The issue then is whether Moore raised only a challenge to the disciplinary actions resulting from his refusal to be subjected to a polygraph test and/or to admit to a crime he does not believe he committed or whether Moore's challenge is rooted in the Fifth Amendment.

As disclosed in our statement of the facts above, Moore's motion did indeed challenge the deprivation of credits and various privileges. However, his attorney previously challenged the deprivation of Moore's Fifth Amendment right under DOC's SOMM policies. Furthermore, in paragraph 7 of Moore's motion, he challenged the violation of his right against self-incrimination by citation to *Gilfillen.*[1]

---

1. DOC contends that *Gilfillen* is distinguishable because it refers to the revocation of probation, not DOC actions. We note that *Gilfillen* makes no specific reference to the Fifth Amendment. It does, however, state that Gilfillen pled not guilty and did not admit that he had a problem with child molesting. *Gilfillen,* 582 N.E.2d at 824. It then held that under these circumstances, "requiring Gilfillen to admit that he has a problem with child molesting or face revocation of probation is tantamount to requiring that he admit that he

Although his prayer addresses the restoration of credit time and privileges that were imposed as part of DOC's discipline, it is apparent from his attorney's letter and paragraph 7 of Moore's complaint that the gravamen of Moore's claim is based on the constitutionality of certain requirements of its SOMM program. DOC cannot violate a prisoner's constitutional right against self-incrimination under the Fifth Amendment, impose sanctions because the prisoner asserts his rights, and then hide behind the shibboleth of "no review of prison disciplinary matters." We conclude that the trial court had subject matter jurisdiction to review the deprivation of Moore's credit time and privileges after such deprivation occurred pursuant to Moore's claim of his Fifth Amendment right against self-incrimination.

## II. INDIANA TRIAL RULE 53.3

■ Trial Rule 53.3 provides in pertinent part that in the event that a trial court fails to rule on a motion to correct error within forty-five days of its filing, then the motion is deemed denied. Moore points to case law in which we held that the failure to act on a motion to correct error within the rule's prescribed time limit "extinguishes the court's authority to rule on the motion and any subsequent ruling is a nullity." *See Johnson v. Johnson,* 882 N.E.2d 223, 226–27 (Ind.Ct.App. 2008) (quoting *Roscoe v. Roscoe,* 673 N.E.2d 820, 821 (Ind.Ct.App.1996)). Thus, Moore argues that the trial court's order granting DOC's motion to correct error should be set aside as a nullity.

On the other hand, DOC cites *HomEq Servicing Corp. v. Baker,* 883 N.E.2d 95 (Ind.2008) for the proposition that issues of efficient judicial administration and fair-

ness to litigants may arise when a trial court grants a motion to correct error after the expiration of the T.R. 53.3 deadline. DOC points to the *HomEq* court's citation to *Cavinder Elevators, Inc. v. Hall,* 726 N.E.2d 285, 289 n. 4 (Ind.2000), in which our supreme court held that when the trial court belatedly grants a motion to correct error "before the party filing the motion to correct error initiates an appeal but during the time period within which such party is entitled to appeal from the deemed denial, the party may assert as cross-error the issues presented in its 'deemed denied' motion to correct error." *HomEq,* 883 N.E.2d at 97. DOC further points out that the circumstances of the instant case match the circumstances outlined in *HomEq* and *Cavinder.*

We agree that DOC is correct about the validity of its appeal from the trial court's belated grant of its motion to correct error. However, DOC's motion was entirely premised on the trial court's alleged lack of subject matter jurisdiction. As we determined above, the trial court did have subject matter jurisdiction; therefore, it erroneously granted DOC's motion to correct errors. Accordingly, the trial court's original order granting Moore's motion must stand.

## III. DUE PROCESS

■ Due process requires notice and an opportunity to be heard. *City of Hobart Common Council v. Behavioral Institute of Indiana,* 785 N.E.2d 238, 251 (Ind. Ct.App.2003). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge,*

is guilty of the crimes charged. Clearly, this is unacceptable." *Id.* The source for the prohibitions of compelling self-incrimination is the Fifth Amendment. We think *Gilfillen* was

grounded on the Fifth Amendment. The salient point here is that in citing *Gilfillen,* Moore raised a constitutional question involving DOC's SOMM policy.

424 U.S. 319, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976).

DOC contends that it was denied due process because it received neither notice nor an opportunity to be heard prior to entry of the trial court's order requiring DOC to restore Moore's credit time classification and privileges. Our examination of the record, however, discloses that DOC was granted permission to intervene and to file a motion to correct error. In short, DOC received notice in sufficient time to intervene and be heard. After the grant of permission to intervene and to be heard, DOC chose only to attack the trial court's jurisdiction. It did not ask to reopen the case or address the particular subject matter of the trial court's judgment. DOC was not denied due process.

## IV. PROPRIETY OF SOMM

The IPDC contends that this case presents an appropriate opportunity for this court to rule on the constitutionality of SOMM and to develop a "bright line" rule pertaining to DOC's implementation of SOMM. DOC counters that the record in this case is insufficient to provide this court with the information to allow for meaningful evaluation of SOMM's constitutionality and to allow for an informed development of a rule pertaining thereto.

"It is long established that a constitutional question unnecessary to a determination of the merits should not be decided." *State v. Brown,* 840 N.E.2d 411, 414 (Ind.Ct.App.2006) (quoting *Bureau of Motor Vehicles v. Scott,* 497 N.E.2d 557, 559 (Ind.1986)). "Both state and federal courts traditionally foreswear deciding a constitutional question unless no non-con-

stitutional grounds present themselves for resolving the case under consideration." *Id.* (quoting *Citizens Nat'l Bank of Evansville v. Foster,* 668 N.E.2d 1236, 1241 (Ind. 1996)). Because DOC has erroneously placed its entire defense on its subject matter jurisdiction argument, there is a clear nonconstitutional basis for deciding this case.

## CONCLUSION

We remand with directions that the trial court vacate its grant of the motion to correct error and reinstate its original order in favor of Moore.[2]

Remanded with instructions.

BAKER, C.J., and FRIEDLANDER, J., concur.

---

2. IPDC argues that we should consider the constitutionality of SOMM because constitutional issues "are bound to recur on a regular basis and need to be addressed." (Brief of Amici Curiae at 8). While it appears that SOMM is similar to the programs found un-

constitutional in *Johnson v. Fabian et al.,* 735 N.W.2d 295 (Minn.2007) and *Bender v. New Jersey Department of Corrections,* 356 N.J.Super. 432, 812 A.2d 1154 (2003), we cannot make a definitive decision based upon deficient record before us.