Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 31 2013, 5:23 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JEFFREY E. HOWELL**
New Castle Correctional Facility
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFREY E. HOWELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 33A01-1305-MI-245 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Kit C. Dean Crane, Judge
Cause No. 33C02-1209-MI-118

**October 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Jeffrey E. Howell, a convicted sex offender, is currently serving a sentence in the Indiana Department of Correction ("DOC") on a conviction for failure to register as a sex offender. As part of his incarceration, Howell is required to participate in the Sex Offender Management and Monitoring ("SOMM") program. The SOMM program requires offenders to admit guilt to sexual offending behavior for which they have been convicted. Although Howell participates in the SOMM program, he refuses to admit guilt regarding a prior child solicitation conviction, claiming that requiring him to do so violates his Fifth Amendment rights. Howell has been repeatedly disciplined by the DOC, including loss of earned credit time and demotion of credit class, due to his refusal to admit guilt. Accordingly, Howell filed motions with the trial court for preliminary injunction and restoration of credit time and class. The trial court denied Howell's motions, concluding that it was without jurisdiction to review or set aside disciplinary actions taken against a prisoner by the DOC. Howell, pro se, now appeals the trial court's denial. We address two restated issues on appeal, namely whether the trial court had subject matter jurisdiction to review Howell's claims and whether the SOMM program's requirements, as applied to Howell, violate the Fifth Amendment. Concluding that the trial court had subject matter jurisdiction and that the SOMM program's requirements violate the Fifth Amendment, we reverse.

## Facts and Procedural History

In February 2009, after pleading not guilty, Howell was convicted in Marion County of one count of class C felony child solicitation. He was sentenced to four years in the DOC

2

with two years suspended to probation.[1] On October 19, 2011, Howell was released early and began serving parole. However, on January 11, 2012, Howell was arrested in Lawrence County for failure to register as a sex offender. Howell pled guilty to the failure to register charge and was sentenced to two years in the DOC. Howell was assigned to the New Castle Correctional Facility to execute the remainder of his Marion County sentence as well as to serve his Lawrence County sentence. Howell completed the sentence on his Marion County conviction on October 19, 2012. According to Howell, the maximum release date on his Lawrence County conviction is January 9, 2014.

On or about May 28, 2012, Howell was notified that, as part of his incarceration, he was required to participate in the DOC's SOMM program. In the SOMM program, an offender is required to admit sexual behavior for which he has been convicted. If the offender refuses to admit such behavior, he is asked to submit to a polygraph test. Participants in the SOMM program are also informed that anything they say can be reported to law enforcement officials. Howell participated in the SOMM program, but he refused to admit guilt regarding his child solicitation conviction and refused to submit to a polygraph test, claiming that forcing him to do either constituted a violation of his Fifth Amendment privilege against self-incrimination. On at least three separate occasions, Howell was issued a conduct report and was disciplined for failure to successfully participate in the mandatory

---

[1] Another panel of this Court affirmed Howell's conviction in *Howell v. State*, No. 49A02-0903-CR-281, 2009 WL 3364798 (Ind. Ct. App. Oct. 20, 2009), *trans. denied* (2010).

3

SOMM program. The discipline included disciplinary segregation, loss of commissary and phone privileges, deprivation of earned credit time, and demotion in credit class.

On October 10, 2012, Howell filed a pro se motion for restoration of credit time and class and a motion for preliminary injunction. The trial court denied those motions on November 26, 2012. Then, on April 3, 2013, Howell filed a renewed motion for restoration of credit time and class and a renewed emergency motion for temporary restraining order and preliminary injunction. In his motions, Howell cited to the Fifth Amendment as well as recent Indiana case law to support his claims. The trial court denied both motions, concluding that it did not have jurisdiction to review or set aside disciplinary actions taken against a prisoner by the DOC. Howell subsequently filed a motion to correct error, which the trial court denied on May 10, 2013. This appeal ensued.

**Discussion and Decision**

*I. Subject Matter Jurisdiction*

We begin by addressing the trial court's denial of Howell's motions based on its conclusion that it was without subject matter jurisdiction to review his claims. Specifically, the trial court cited *Israel v. Indiana Department of Correction*, 868 N.E.2d 1123, 1124 (Ind. 2007), for the well-settled proposition that Indiana courts do not have jurisdiction to review or set aside prison disciplinary actions. While we agree with that general proposition, our appellate courts have held that the judiciary may review other types of DOC actions. *See, e.g.*, *Ratliff v. Cohn*, 693 N.E.2d 530, 548 (Ind. 1998) (holding that a juvenile may seek declaratory and injunctive relief on basis that her incarceration with adult offenders violated

4

Indiana Constitution); *Kimrey v. Donahue*, 861 N.E.2d 379, 382 (Ind. Ct. App. 2007) (concluding that trial court has jurisdiction if allegation is made that constitutional rights are being violated), *trans. denied*; *Montgomery v. Indiana Dep't of Corr.*, 794 N.E.2d 1124, 1127 (Ind. Ct. App. 2003) (stating that judiciary has subject matter jurisdiction over alleged violations by DOC of inmates' statutory and constitutional rights), *trans. denied* (2004).

Most recently, in *State v. Moore*, 909 N.E.2d 1053, 1055 (Ind. Ct. App. 2009), *trans. denied* (2010), a prisoner filed a motion with the trial court, similar to Howell's, requesting the restoration of credit time and challenging the DOC's disciplinary deprivation of various privileges, arguing that the SOMM program's requirement that he admit guilt and/or submit to a polygraph violated his Fifth Amendment right against self-incrimination. The trial court granted the prisoner's motion and ordered the DOC to restore credit time and reinstate privileges. *Id*. at 1056. The DOC appealed, challenging the trial court's subject matter jurisdiction. *Id*. On appeal, we explained that the question of the trial court's subject matter jurisdiction depended on whether the prisoner raised only a challenge to the DOC's disciplinary actions resulting from his refusal to admit guilt or whether his challenge was rooted in the Fifth Amendment. *Id*. Because the gravamen of the prisoner's challenge was based on the constitutionality of certain requirements of the SOMM program, we concluded that the trial court had subject matter jurisdiction to review his claim. *Id*. at 1057. Indeed, we explained,

> DOC cannot violate a prisoner's constitutional right against self-incrimination under the Fifth Amendment, impose sanctions because the prisoner asserts his rights, and then hide behind the shibboleth of "no review of prison disciplinary matters."

5

*Id*.

In his pro se motions to the trial court, Howell specifically cited to the Fifth Amendment as well as various Indiana cases, including our decision in *Moore*, to support his request for relief. There is no question that Howell's claims regarding the SOMM program are rooted in the Fifth Amendment. Accordingly, the trial court had subject matter jurisdiction to review Howell's claims, and the court erred when it denied his motions on the basis that it lacked such jurisdiction.

## II. Constitutionality of SOMM

Having determined that the trial court erroneously denied Howell's claims on jurisdictional grounds, we must consider whether this case presents an appropriate opportunity for this Court to rule on the constitutionality of the SOMM program's requirements as applied to Howell. As we noted in *Moore*, "[i]t is long established that a constitutional question unnecessary to a determination of the merits should not be decided." *Id*. at 1058 (citations omitted). Here, however, because the trial court on remand would be without guidance to resolve Howell's claims, we choose to address the constitutional question.

Another panel of this Court recently held that the SOMM program's requirements, as applied to a parolee, violated the Fifth Amendment. *See Bleeke v. State*, 982 N.E.2d 1040, 1054 (Ind. Ct. App. 2013), *trans. granted*. In *Bleeke*, a parolee was required to participate in the SOMM program and admit to sexual acts that he had denied in trial testimony, or risk revocation of his parole. We first observed that

6

[t]he Fifth Amendment, applicable to the states through the Fourteenth Amendment, provides that no person "shall be compelled in any criminal case to be a witness against himself." In order for the privilege to apply, two distinct elements must be present: compulsion and incrimination. *Hiibel v. Sixth Judicial Dist. Ct. of Nev.*, 542 U.S. 177, 189, 124 S. Ct. 2451, 159 L. Ed. 2d 292 (2004).

The compulsion element of the privilege against self-incrimination is present when the state attaches sufficiently adverse consequences to a refusal to surrender the privilege. *Lefkowitz v. Cunningham*, 431 U.S. 801, 805, 97 S. Ct. 2132, 53 L. Ed. 2d 1 (1977). The incrimination element refers to the fact that a surrender of the privilege "might be dangerous because injurious disclosure could result." *Hoffman v. United States*, 341 U.S. 479, 486-87, 71 S. Ct. 814, 95 L. Ed. 1118 (1951). Although the danger of incrimination must be real and appreciable, and not simply imaginary and unsubstantial, the inquiry into whether a statement is incriminating should not consider the actual likelihood of prosecution. *Resnover v. Pearson*, 965 F. 2d 1453, 1462 (7th Cir. 1992) (holding that "We cannot agree that a witness' constitutional privilege against self-incrimination depends upon a judge's prediction of the likelihood of prosecution"). "[I]t is only where there is but a fanciful possibility of prosecution that a claim of Fifth Amendment privilege is not well taken." *In re Folding Carton Antitrust Litig.*, 609 F.2d 867, 871 (7th Cir. 1979).

*Id*. at 1053.

After reviewing this Fifth Amendment jurisprudence, the *Bleeke* court found more specific guidance from our supreme court's opinion in *Gilfillen v. State*, 582 N.E.2d 821 (Ind. 1991). In *Gilfillen*, a convicted child molester's probation was revoked because he refused to admit guilt during his required probationary sexual abuse treatment program. *Id.* at 823. Our supreme court noted that the defendant had regularly attended the ordered counseling programs. *Id.* The court also noted that because the defendant did not plead guilty to his offenses, he had never admitted to having any child molesting problem and, in fact, continued to maintain his innocence. *Id.* The court concluded, "[u]nder these

7

circumstances, requiring Gilfillen to admit he has a problem with child molesting or face revocation of his probation is tantamount to requiring that he admit that he is guilty of the crimes charged. Clearly this in unacceptable." *Id*. The court went on to hold that "the trial court may not insist on an admission of guilt as a condition of probation or use a continued denial of guilt as the basis for revocation." *Id*. at 824. The *Bleeke* court observed that, in *Moore*, we had previously determined that although *Gilfillen* makes no specific reference to the Fifth Amendment, our supreme court's decision was clearly grounded on the Fifth Amendment. *Bleeke*, 982 N.E.2d at 1054 (citing *Moore*, 909 N.E.2d at 1056 n.1).

Considering the decisions in *Gilfillen* and *Moore*, and after reviewing a series of federal cases, the *Bleeke* court gleaned that Indiana courts appear to hold a broader view of the Fifth Amendment than that held by our federal colleagues. *Id.* The *Bleeke* court ultimately held,

> The upshot of this case is that the potential for revocation of parole forces Bleeke to give up his Fifth Amendment privilege or possibly return to prison. And although the five-year statute of limitation for perjury has expired, Bleeke is still subject to the possible use by law enforcement of any other incriminating statements. The SOMM program's requirements violate the Fifth Amendment.

*Id*.

We acknowledge that our supreme court has granted transfer in *Bleeke*, thereby vacating that decision. Ind. Appellate Rule 58(A).[2] However, because we agree with the

---

[2] Our supreme court is scheduled to hear oral argument in *Bleeke* on December 5, 2013.

reasoning in *Bleeke* regarding the SOMM program's requirements, we simply adopt that reasoning as our own in the analysis of the present case.

Similar to the defendants in *Gilfillen*, *Bleeke*, and *Moore*, Howell has not pled guilty and was instead convicted while denying guilt. The DOC, through its SOMM program, may not insist on Howell's admission of guilt or use his continued denial of guilt as the basis for discipline.[3] This is a violation of Howell's Fifth Amendment privilege against self-incrimination.

## *Conclusion*

The trial court had subject matter jurisdiction to consider Howell's claims, and therefore the court erred when it denied Howell's motions on jurisdictional grounds. Moreover, the SOMM program's requirements that Howell admit guilt and/or submit to a polygraph violate the Fifth Amendment. Accordingly, we reverse the judgment of the trial court and remand with instructions to enter an order granting Howell's renewed motion for restoration of credit time and class. We also instruct the trial court to enter an order enjoining the DOC from requiring Howell to incriminate himself as part of the SOMM program.[4]

---

[3] The State does not assert, nor do we discern, any reason to consider the constitutionality of the SOMM program's requirements applied to inmates, such as Howell and the defendant in *Moore*, any differently than we have considered those requirements as applied to probationers and parolees, as in *Gilfillen* and *Bleeke*.

[4] Howell raises an additional claim that he cannot be required to participate in the SOMM program because he has already completed the sentence on the child solicitation conviction and is now serving only his sentence for failure to register as a sex offender. Appellant's Br. at 11. Howell cites no authority to support his claim, and therefore he has waived the issue on appeal. *See Smith v. State*, 822 N.E.2d 193, 202-03 (Ind. Ct. App. 2005) (holding that an issue is waived when a party fails to provide adequate citation to proper authority), *trans. denied*.

Reversed and remanded.

BARNES, J., and PYLE, J., concur.