**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 25 2014, 10:55 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**RONALD ANDREW MANLEY**
Noblesville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RONALD A. MANLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  33A01-1310-MI-458 |
| | ) | |
| STATE OF INDIANA and BRUCE LEMMON, | ) | |
| In his official capacity as Commissioner of the | ) | |
| Indiana Department of Correction, | ) | |
| | ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Kit C. Dean Crane, Judge
Cause No. 32C02-1305-MI-50

**June 25, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Ronald A. Manley was convicted of several sex offenses and sentenced to the Indiana Department of Correction. While incarcerated in the DOC, Manley filed a motion for a temporary injunction to exempt him from participating in the Indiana Sex Offender Management and Monitoring ("SOMM") Program. Manley argued that his participation in the SOMM Program violated the Fifth Amendment's privilege against self-incrimination because he was forced to take responsibility for his sex offenses, disclose other sexual behaviors, and submit to polygraphs even though he had consistently maintained his innocence to the sex offenses; and if he failed to participate, he would be disciplined. The trial court dismissed his motion.

Because the Indiana Supreme Court has recently found that the SOMM Program "is a valuable tool aimed at the legitimate purpose of rehabilitating sex offenders before they are fully released from State control" and "its requirements do not violate the Fifth Amendment's privilege against self-incrimination," *Bleeke v. Lemmon*, 6 N.E.3d 907, 940 (Ind. 2014), we affirm the trial court's dismissal of Manley's motion.

**Facts and Procedural History**

Manley is a convicted sex offender. In 1997 a jury convicted him of three counts of Class B felony child molesting, one count of Class B felony attempted child molesting, one count of Class C felony child molesting, and one count of Class A misdemeanor impersonating a public servant. The trial court sentenced him to an aggregate term of forty-one years. We affirmed his convictions on appeal. *See Manley v. State*, No. 29A05-9807-CR-343 (Ind. Ct. App. Aug. 31, 1999), *trans. denied*. Manley later filed a petition for post-

conviction relief arguing that his trial counsel was ineffective. The post-conviction court denied relief, and we affirmed the post-conviction court on appeal. *See Manley v. State*, 29A04-1002-PC-60 (Ind. Ct. App. Sept. 28, 2010).[1]

As a result of his convictions for sex crimes, Manley is required to participate in the SOMM Program. As our Supreme Court recently explained in *Bleeke*, the SOMM Program was established in 1999 as a statewide program aimed at reducing the recidivism of offenders convicted of sex crimes. 6 N.E.3d at 923. The DOC manages the program while subcontractors provide specialized treatment services. *Id.*

The program has three phases. *Id.* The first phase is a mandatory consent and assessment phase that occurs while a targeted offender is incarcerated—typically upon entry into the prison system. *Id.* at 923-24. All targeted SOMM offenders are informed of the nature of the program, including its potential benefits and "possible adverse consequences of participating." *Id.* at 924 (quotation omitted). Participation requires the offender's consent, but refusal to participate (or a subsequent withdrawal of consent) is a violation of the DOC's disciplinary code for "[r]efusing to work or accept a work, program or housing assignment." *Id.* (quotation omitted). Offenders who consent are assessed and evaluated for their recidivism risk, treatment needs, and other issues that might impact their participation in the program. *Id.*

During the last three years of their sentence, offenders transition to the second phase of the SOMM Program, in which they participate in a treatment program based on their

---

[1] In 2012 Manley filed a petition alleging that the requirement that he register for life as a sexually violent predator violated Indiana's prohibition against ex post facto laws. The trial court denied Manley's petition, and we affirmed the trial court on appeal. *See Manley v. State*, 33A01-1301-CR-52 (Ind. Ct. App. Sept. 10, 2013), *reh'g denied*, *trans. denied*.

recidivism risk. *Id.* The programs are either risk-based, sex-offender specific, or based on psychoeducational needs. *Id.* Reports on the offender's participation (and success) in the second phase of the SOMM Program are forwarded to treatment providers when the offender transitions to parole and begins the third phase. An offender who is suspended from treatment because of counter-therapeutic behavior or violations of his treatment agreement is subject to DOC disciplinary procedures.

The third phase of the SOMM Program "is designed to support and optimize the process of re-entry into the community for []SOMM offenders." *Id.* (quotation omitted). It is available for parolees but not probationers. *Id.* During this phase, the program develops a "containment team" for each offender comprising at least the offender's parole agent, a district coordinator, a treatment provider, and a polygraph examiner. *Id.* This team shares information in order to assist in management of the parolee. *Id.* The parolee is also subject to "intensive Sex Offender Parole Stipulations," which are automatically imposed on every SOMM parolee. *Id.* Failure to complete this phase by being unsuccessfully terminated from the program or suspended from treatment means that the parolee is subject to a violation of his parole. *Id.* Parolees can be released from the SOMM Program by either successful completion of the required treatment program or the expiration of their parole period before treatment could be completed. *Id.*

Failure to participate in or successfully complete the SOMM Program "shall result in a disciplinary action. If an offender refuses to participate in the SOMM Program, the offender shall be charged with the following disciplinary code offense: Code 116[.]" Appellant's App. p. 16 (Executive Directive # 12-53). If an offender is found guilty of this

violation, "the offender shall be demoted to Credit Class [III][2] . . . ." *Id.* In addition, "any offender who is found guilty of a Code 116 shall be recommended to the Superintendent to be placed on non-contact visits . . . ." *Id.* Additional disciplinary actions include loss of earned credit time, disqualification from earning additional credit time, exclusion from programs and work assignments, and "[o]ther lesser non-grievous sanctions."[3] *Id.* at 17.

In July 2013, when Manley was still incarcerated in the DOC for his 1997 convictions, Manley filed a pro se motion for a temporary injunction to exempt him from the SOMM Program. Manley argued that his participation in the SOMM Program violated the Fifth Amendment's privilege against self-incrimination because he was forced to take responsibility for his offenses, disclose other sexual behaviors, and submit to polygraphs even though he had consistently maintained his innocence to the sex crimes; and if he failed to participate, he would be disciplined, including demotion to Credit Class III. *Id.* at 11-12. The State filed a response, arguing that Manley's motion should be dismissed because (1) the trial court did not have subject-matter jurisdiction and (2) the SOMM Program did not violate the Fifth Amendment. The trial court dismissed Manley's motion for a temporary injunction to exempt him from the SOMM Program because it did "not have subject matter jurisdiction over . . . Manley's placement in [DOC] programs." *Id.* at 5. Manley filed a motion to reconsider, which the trial court denied. *Id.* at 9. The trial court

---

[2] "A person assigned to Class III earns no credit time." Ind. Code § 35-50-6-3(c).

[3] The SOMM Program includes a temporary exemption for those offenders who pleaded "not guilty" to their sex offense but were later convicted. In that event, they may be temporarily exempted from participation in Phase II of the program if their conviction—not sentence—for the sex offense is in an "appeal" or "post-conviction" status. Appellant's App. p. 17. Manley concedes that he has exhausted his appeals and therefore does not qualify for this temporary exemption. Appellant's Br. p. 8-9.

entered a separate order clarifying that it dismissed Manley's motion for a temporary injunction to exempt him from the SOMM Program because Manley "fail[ed] to state a claim for relief on his claim that his Fifth Amendment rights were violated, and the Court lacks subject matter jurisdiction to direct [Manley's] placement in DOC programs absent such a violation." *Id.* at 7.

Manley, pro se, now appeals.

**Discussion and Decision**

Manley contends that the trial court erred in dismissing his motion for a temporary injunction to exempt him from the SOMM Program. He argues that the trial court had subject-matter jurisdiction to rule on his motion and that he stated a claim for relief that his participation in the program violated his Fifth Amendment rights.

We first note that the trial court had subject-matter jurisdiction pursuant to Indiana Trial Rule 12(B)(1) to rule on Manley's motion for a temporary injunction to exempt him from the SOMM Program because his participation in the program violated his Fifth Amendment rights. This is because a trial court has subject-matter jurisdiction when an allegation is made that his constitutional rights are being violated by the DOC. *See State v. Moore*, 909 N.E.2d 1053, 1056-57 (Ind. Ct. App. 2009), *reh'g denied*, *trans. denied*.

Because the trial court had subject-matter jurisdiction, we now proceed to the other ground upon which the trial court dismissed Manley's motion, Indiana Trial Rule 12(B)(6). This Court "review[s] de novo the trial court's grant or denial of a motion based on Indiana Trial Rule 12(B)(6)." *Veolia Water Indianapolis, LLC v. Nat'l Trust Ins. Co.*, 3 N.E.3d 1, --- (Ind. 2014) (quotation omitted). A motion to dismiss under Trial Rule 12(B)(6) tests

6

the legal sufficiency of a complaint; that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. *Id.* When evaluating the trial court's grant or denial of a Trial Rule 12(B)(6) motion, this Court accepts as true the facts alleged in the complaint and should not only consider the pleadings in the light most favorable to the plaintiff but also draw every reasonable inference in favor of the non-moving party. *Id.* We affirm the trial court's grant of the motion "only when it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances." *Id.* (quotation omitted).

While Manley's appeal was pending, our Supreme Court decided *Bleeke*, in which it held that the SOMM Program does not violate the Fifth Amendment. Specifically, the Court found that as far as the second phase of the SOMM Program is concerned, the State is permitted to present all SOMM inmates with the following constitutionally permissible choices: (1) participate in the SOMM Program and maintain a more favorable credit status and/or privileges within the prison system or a favorable assignment in a community-transition program or (2) refuse to participate and instead serve the full term for which they were lawfully convicted. *Bleeke*, 6 N.E.3d at 934. The Court explained that the State is not required to give SOMM inmates a third option: (3) refuse to participate in a program legitimately aimed at their rehabilitation yet still receive the full benefits of a shortened sentence from a favorable credit class and be assigned to a community-transition program and thus reenter society more quickly but without the benefits of rehabilitative care. *Id.* at 935. Our Supreme Court also found that the third phase of the SOMM Program, which

7

occurs when the offender is on parole,[4] is not unconstitutional. *Id.* at 939 ("For the same reasons we provided above with respect to the second phase of the SOMM [P]rogram, such a circumstance would fall under the Parole Board's power to offer a constitutionally permissible choice to a lawfully convicted offender: comply with your parole requirements, or serve out the full sentence received as a result of your lawful conviction."). Accordingly, our Supreme Court declared that the SOMM Program provides a valuable tool aimed at the legitimate purpose of rehabilitating sex offenders before they are fully released from State control and that the SOMM Program's requirements do not violate the Fifth Amendment's privilege against self-incrimination. *Id.* at 940. Because our Supreme Court found no constitutional flaw in the SOMM Program, we affirm the trial court's dismissal of Manley's motion for a temporary injunction to exempt him from the SOMM Program.

Affirmed.

RILEY, J., and MAY, J., concur.

---

[4] It appears that Manley is currently on parole out of the Plainfield Parole District. *See* Ind. Dep't of Corr., *Offender Data*, http://www.in.gov/apps/indcorrection/ofs/ofs (input last name "Manley" and first name "Ronald").