# FOR PUBLICATION



**FILED**

Nov 12 2014, 10:28 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**FREDERICK HOLMES-BEY**
New Castle, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | |
|---|---|
| FREDERICK HOLMES-BEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No.  33A05-1406-MI-290 |
| | ) |
| KEITH BUTTS, | ) |
| | ) |
| Respondent. | ) |

---

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Kit C. Dean Crane, Judge
Cause No. 33C02-1404-MI-53

---

**November 12, 2014**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Frederick Holmes-Bey ("Holmes-Bey"), a prisoner in the Indiana Department of Correction ("DOC") and participant in the Indiana Sex Offender Management and Monitoring ("SOMM") Program, received a disciplinary sanction in February of 2014. He sought to file, in the United States District Court, Southern District of Indiana, a petition under 28 U.S.C. § 2254, for a writ of habeas corpus, naming as respondent Keith Butts, Warden. The petition was inadvertently mailed to the Clerk of the Henry Circuit Courts, and the petition was stamped as filed in the Henry Circuit Court 2 and a cause number was assigned. Although Holmes-Bey discovered his error and notified the circuit court via letter, the circuit court re-captioned the matter to reflect a state court action, named the State of Indiana as the respondent, and entered an order denying the petition. Holmes-Bey appealed and the Indiana Attorney General filed a notice of non-involvement. Holmes-Bey presents the sole issue of whether the trial court lacked subject matter jurisdiction to enter the order of denial. We reverse and remand with instructions to dismiss.

**Facts and Procedural History**

On April 30, 2014, the Clerk of the Henry Circuit Court 2 received a document captioned:

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FREDERICK HOLMES-BEY,   )
       Petitioner,    )
   v.             )      Cause No.:_____
                 )       (To be supplied by the Clerk)

2

KEITH BUTTS, WARDEN,        )
        Respondent.        )

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS
(Disciplinary Sanction)

(App. 5.) The petition alleged that a prison disciplinary hearing body had recommended that Holmes-Bey lose 180 days of credit time in addition to other sanctions for his refusal of a SOMM program polygraph. Holmes-Bey requested an order for rescission of the sanctions and for his immediate release.

On May 8, 2014, the Clerk of the Henry Circuit Court 2 received a letter from Holmes-Bey, dated May 5, 2014, providing in relevant part:

> Please take notice that the above-entitled action *Federal Writ of Habeas Corpus* filed marked [sic] on April 30, 2014, has been filed in the wrong court. For the above reasons, could you please forward the same[.]

(App. 20.)

On June 3, 2014, the Henry Circuit Court 2 entered an order providing in part:

> The Court has considered 28 U.S.C. § 2254(b) [pertaining to exhaustion of remedies] and finds that Petitioner is incorrect when Petitioner asserts that his Petition should be filed in federal court.

(App. 3.) Treating the petition as if it had been properly filed in state court, albeit with alterations, the trial court observed that Holmes-Bey had omitted a specific allegation that he was entitled to immediate discharge. Citing Hendrixson v. Lash, 282 N.E.2d 792, 794 (1972), the trial court stated: "no court has jurisdiction to entertain a petition for a writ of habeas corpus unless it is alleged that the prisoner is entitled to immediate discharge," and concluded that it was without jurisdiction to consider the request for the writ. (App. 3.)

3

Despite the conclusion of lack of jurisdiction, the trial court entered an order denying the petition for a writ of habeas corpus. This appeal ensued.

**Discussion and Decision**

Holmes-Bey contends that the trial court lacked subject matter jurisdiction over the petition he intended to file in federal court. "Subject matter jurisdiction is the power of a court to hear a class of cases." In re Paternity of M.G.S., 756 N.E.2d 990, 997 (Ind. Ct. App. 2001), trans. denied. In determining whether a court has subject matter jurisdiction, we are to determine "whether the claim advanced falls within the general scope of authority conferred upon the court by constitution or statute." Blanck v. Ind. Dep't of Corr., 829 N.E.2d 505, 508 (Ind. 2005).

Holmes-Bey filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Subsection (a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Subsection (b) provides that the federal court shall not grant the petition unless it appears that the applicant has exhausted the remedies available in the state courts, or there is an absence of available State corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant.

Notwithstanding the exhaustion doctrine of subsection (b), subsection (c) of 28 U.S.C. § 2254 provides: "An applicant shall not be deemed to have exhausted the remedies

4

available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

In Indiana, the enforcement of prison disciplinary sanctions is not subject to judicial review. See Israel v. Ind. Dep't of Corr., 868 N.E.2d 1123, 1124 (Ind. 2007). In Blanck, our Indiana Supreme Court observed: "For a quarter-century, our Court has held that DOC inmates have no common law, statutory, or federal constitutional right to review in state court DOC disciplinary decisions." 829 N.E.2d at 507.

On the other hand, a state trial court has subject-matter jurisdiction when an allegation is made that an inmate's constitutional rights are being violated by the DOC. In State v. Moore, 909 N.E.2d 1053 (Ind. Ct. App. 2009), trans. denied, a panel of this Court considered whether a SOMM participant's motion solely challenged the deprivation of his credits and privileges or whether he had, by presenting argument and citation to authority, additionally challenged the violation of his right against self-incrimination. The Court concluded that "the trial court had subject matter jurisdiction to review the deprivation of Moore's credit time and privileges after such deprivation occurred pursuant to Moore's claim of his Fifth Amendment right against self-incrimination." Id. at 1057.

In his statement of grounds supporting his petition, Holmes-Bey stated that he is entitled to immediate release because his sanctions violated his right against self-incrimination. However, he strenuously asserts that he is appealing a disciplinary decision. Moreover, the caption of his complaint discloses that he seeks review of a disciplinary decision, and the caption was prepared for a federal as opposed to state court. There is no

5

indication that he ever sought to have a state court adjudicate whether the DOC had violated his constitutional rights.[1]

Because the objective of Holmes-Bey's complaint is review and rescission of a disciplinary sanction, Holmes-Bey did not have the right to raise the question in an Indiana court. The appropriate response of an Indiana trial court presented with a purported appeal of a DOC disciplinary decision is to dismiss the complaint because it would not fall within the general scope of authority conferred upon the court by constitution or statute. Blanck, 829 N.E.2d at 508. Here – assuming that the trial court clerk had no duty to forward the document after discovery that it had been filed in error – the action required of the trial court was dismissal of the improperly filed complaint.

## Conclusion

The trial court sua sponte altered Holmes-Bey's complaint arising from a prison disciplinary decision and issued an order denying relief. However, the trial court lacked subject matter jurisdiction to do so.

Reversed and remanded with instructions to dismiss the petition.

NAJAM, J., and PYLE, J., conur.

---

[1] We observe that our Indiana Supreme Court has recently decided that inmate participation in the SOMM program presents a constitutionally permissible choice: participate and maintain a more favorable credit status or refuse to participate and serve out the full term for which he had been lawfully convicted. Bleeke v. Lemmon, 6 N.E.3d 907, 934 (Ind. 2014).