## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 07 2015, 9:49 am

CLERK
of the supreme court,
court of appeals and
tax court

---

APPELLANT PRO SE

Brian Andert
New Castle, Indiana

ATTORNEYS FOR APPELLEES

Gregory F. Zoeller
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Brian Andert,

*Appellant-Petitioner,*

v.

State of Indiana and Bruce Lemmon, in his official capacity as Commissioner of the Indiana Department of Correction,

*Appellees-Respondents*

October 7, 2015

Court of Appeals Case No.
33A01-1503-MI-90

Appeal from the Henry Circuit Court

The Honorable Kit C. Dean Crane

Trial Court Cause No.
33C02-1410-MI-107

**Najam, Judge.**

## Statement of the Case

Brian Andert appeals the trial court's denial of his verified motion for preliminary injunction. He presents a single issue for our review, namely, whether the trial court abused its discretion when it denied his motion. We affirm.

## Facts and Procedural History

On September 7, 2011, Andert was convicted of three counts of Sexual Misconduct with a Minor, as Class B felonies. We affirmed his convictions on direct appeal. *Andert v. State*, 968 N.E.2d 345 (Ind. Ct. App. 2012) ("*Andert I*"), *trans. denied*. Andert is currently serving a ten year sentence for those convictions.

As a person convicted of a sex-related offense, Andert is required to participate in the Indiana Sex Offender Management and Monitoring Program ("INSOMM"). INSOMM is a sex offender treatment program administered by the Indiana Department of Correction ("DOC"), and it is designed to reduce the recidivism of offenders convicted of sex crimes. Offenders are targeted for the INSOMM program based upon their conviction of certain specified sex-related offenses. *See Bleeke v. Lemmon*, 6 N.E.2d 907, 923 (Ind. 2014) (describing the INSOMM program in detail). Offenders must consent to participation in the program or else be charged with a violation of the DOC's disciplinary code. *Id*. at 924. Each participant in the program is required to

accept responsibility in writing for the sex offenses for which he was convicted by admitting guilt for those offenses. *Id.*

[4] Andert pleaded not guilty to the crimes for which he was convicted and continues to maintain his innocence to this date. He is in the process of filing a petition for post-conviction relief, having requested copies of the transcripts and appendices from his direct appeal. Andert has not admitted to guilt as part of the INSOMM program, and there is no indication in the record whether Andert has been charged with a violation of the DOC disciplinary code or otherwise punished by DOC for his refusal to admit guilt.[1]

[5] On January 6, 2015, Andert filed a verified motion for a preliminary injunction to "exempt" him from the INSOMM program.[2] In that motion, Andert alleged[3] that the INSOMM requirement that he admit his guilt is a violation of

---

[1] Although Andert states in his appeal brief that he was "written up for maintaining his innocence" in the program, Appellant's Br. at 8-9, no such factual assertion was made in his verified motion for temporary injunction, and there is no evidence in the record to support that assertion.

[2] Andert filed a verified motion for preliminary injunction without first filing a complaint. Indiana courts have not addressed whether such a motion can proceed before a complaint has been filed. However, the trial court chose to decide the motion before a complaint was filed, and, while no Indiana court has addressed this issue, there is ample authority from other jurisdictions to support the trial court's action here. *See, e.g.*, *Studebaker Corp. v. Gittlin*, 360 F.2d 692, 694 (2nd Cir. 1966) (holding that, although it would have been better to file a complaint along with motion and affidavit, court could treat affidavit as complaint); *Ruscitto v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 777 F. Supp. 1349, 1352 (N.D. Tex. 1991) (holding exigent circumstances allow injunction to precede filing of suit), *aff'd*, 948 F.2d 1286 (5th Cir. 1991); *Nat'l Org. for Reform of Marijuana Laws v. Mullen*, 608 F. Supp. 945, 950 n.5 (N.D. Cal. 1985) ("Owing to the peculiar function of the preliminary injunction, it is not necessary that the pleadings be perfected, or even that a complaint be filed, before the order issues."); *Operation Save America v. City of Jackson*, 275 P.3d 438, 455 (Wyo. 2012) (holding that, "while the better practice would be to have a complaint on file before a motion or petition for temporary restraining order is submitted, the lack of a complaint does not deprive the . . . court of jurisdiction to act").

[3] Indiana Trial Rule 65(B) provides that facts justifying the issuance of a preliminary injunction may be shown through affidavit or verified complaint. *See, e.g.*, *Reese v. Panhandle Eastern Pipe Line Co.*, 377 N.E.2d

the Fifth Amendment's privilege against self-incrimination.[4] Specifically, Andert noted that he has maintained his innocence throughout his criminal case and is in the process of trying to obtain post-conviction relief from his criminal convictions. He alleged that any admission to guilt of the crimes for which he was convicted will be used against him in violation of the Fifth Amendment. He also alleged that inmates who refuse to admit guilt in the INSOMM program can have their credit class lowered and, thus, lose credit time.

[6] Andert therefore requested a preliminary injunction exempting him[5] from the INSOMM program until his post-conviction relief action is finalized. Andert did not request a hearing. The trial court denied Andert's motion, finding that he had failed to meet any of the prerequisites for obtaining a preliminary injunction. Andert now appeals.

---

640, 644-45 (Ind. Ct. App. 1978) (noting a court may grant a preliminary injunction upon the affidavit [or verified pleading] of the plaintiff alone).

[4] The Fifth Amendment's Self-Incrimination Clause provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.

[5] Although Andert states in this appeal that the INSOMM program denied his request for an exemption from the program pending his post-conviction relief action, he made no such claim in his motion for a preliminary injunction.

# Discussion and Decision

[7]     Andert alleges that the trial court abused its discretion when it denied his motion for a preliminary injunction. Our standard of review of a grant or denial of a preliminary injunction is well settled:

> The issuance of a preliminary injunction is within the sound discretion of the trial court, and the scope of appellate review is limited to deciding whether there has been a clear abuse of discretion. *Reilly v. Daly*, 666 N.E.2d 439, 443 (Ind. Ct. App. 1996), *trans. denied*. When determining whether or not to grant a preliminary injunction, the trial court is required to make special findings of fact and state its conclusions thereon. Ind. Trial Rule 52(A). When findings and conclusions are made, the reviewing court must determine if the trial court's findings support the judgment. *Norlund v. Faust*, 675 N.E.2d 1142, 1149 (Ind. Ct. App. 1997), *trans. denied*. The trial court's judgment will be reversed only when clearly erroneous. *Id*. Findings of fact are clearly erroneous when the record lacks evidence or reasonable inferences from the evidence to support them. *Id*. We consider the evidence only in the light most favorable to the judgment and construe findings together liberally in favor of the judgment. *Id*.
>
> The trial court's discretion to grant or deny preliminary injunctive relief is measured by several factors: 1) whether the plaintiff's remedies at law are inadequate, thus causing irreparable harm pending the resolution of the substantive action if the injunction does not issue; 2) whether the plaintiff has demonstrated at least a reasonable likelihood of success at trial by establishing a prima facie case; 3) whether the threatened injury to the plaintiff outweighs the threatened harm the grant of the injunction may inflict on the defendant; and 4) whether, by the grant of the preliminary injunction, the public interest would be disserved. *Reilly*, 666 N.E.2d at 443. In order to grant a preliminary injunction, the moving party has the burden of

showing, by a preponderance of the evidence, that the facts and circumstances entitle him to injunctive relief. *Id*. The power to issue a preliminary injunction should be used sparingly, and such relief should not be granted except in rare instances in which the law and facts are clearly within the moving party's favor. *Id*."

*Barlow v. Sipes*, 744 N.E.2d 1, 5 (Ind. Ct. App. 2001), *trans. denied*.

[8] Here, Andert claims the trial court abused its discretion when it found that he had failed to show that he met any of the prerequisites for a preliminary injunction.[6] We cannot agree. Andert did not support his motion for preliminary injunction with evidence and argument sufficient to support any of the four factors set out in *Barlow*.[7] For example, he provided no evidence that he is required to participate in the INSOMM program while his post-conviction relief action is pending.[8] Although he claims on appeal that his request for an

---

[6] Indiana Trial Rules 52(A) and 65(D) require that a trial court make special findings without request in a decision granting or denying a motion for preliminary injunction. Here, the trial court order contained barely any factual findings and, instead, consisted mostly of legal conclusions that Andert did not meet the four requirements for obtaining a preliminary injunction. Appellant's App. at 36-37. However, "[w]hen it makes special findings of fact, the trial court need not recite the evidence in detail, but must only make findings as to those ultimate facts necessary to support the judgment." *Riehle v. Moore*, 601 N.E.2d 365, 369 (Ind. Ct. App. 1992), *trans. denied*. Although, as noted below, Andert provided the trial court with very little evidence from which it could make factual findings, the trial court did find that the INSOMM program did not present any injury to Andert, that Andert had failed to show irreparable harm, and that Andert was unlikely to succeed on the merits due to the holding in *Bleeke*, 6 N.E.3d 907. These factual findings are not so sparse as to preclude our review. *Riehle*, 601 N.E.2d at 369.

[7] We note that Andert filed his motion for a preliminary injunction *pro se*, which most likely explains why he did not seem to understand what he must prove to obtain a preliminary injunction. However, it is well-established in Indiana that "[p]ro se litigants without legal training are held to the same standard as trained counsel and are required to follow procedural rules." *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*.

[8] *See Clark v. Buss*, No. 1:09-cv-00308-JMS-DML, 2010 WL 3927725, *1, *4 (S.D. Ind. 2010) (noting it was an uncontested fact that the INSOMM program allowed the inmate to defer participation if he could show he

exemption from the program was denied, he made no such claim to the trial court in his preliminary injunction motion. Moreover, he provided no evidence that his refusal to plead guilty to the crimes for which he is seeking post-conviction relief has caused him any harm. On appeal, he claims that he was "written up for maintaining his innocence" in the INSOMM program but, again, he made no such claim before the trial court below. Appellant Br. at 8-9. Moreover, even in his brief on appeal he provides no evidence of who "wrote him up," what the "write up" said, or what the consequences were of the "write up." *Id.* There simply was no evidence before the trial court of any harm to Andert, much less irreparable harm for which there is no adequate remedy at law.

[9] Andert attempted to show irreparable harm when he alleged in his motion for the preliminary injunction that sex-offender inmates who refuse to admit to guilt as part of the INSOMM program will have their credit class lowered, such that they will earn less credit time. However, as the trial court correctly noted, our supreme court recently held that when the State presents an inmate with a choice to participate in a DOC program that may lead to a reduced sentence, such as through credit time or a release on parole, that opportunity is a "constitutionally permissible choice" to participate that does not compel self-incrimination and, therefore, does not violate the Fifth Amendment. *Bleeke*, 6

had a direct appeal or post-conviction relief action pending, and holding that, given that uncontested fact, the inmate's Fifth Amendment challenge to the INSOMM program was not ripe for review).

N.E. 3rd 934-35.  Therefore, Andert has not shown that a potential loss of credit time amounts to irreparable harm or supports his claim on the merits.[9]

[10]     If a party moving for a preliminary injunction fails to prove any one or more of the four prerequisites for a preliminary injunction, a trial court cannot grant his motion.  *See, e.g.*, *Curley v. Lake Cnty. Bd. of Elections and Registration*, 896 N.E.2d 24, 33 (Ind. Ct. App. 2008) (noting that, if the party seeking preliminary injunction cannot prove each of the four requirements, a grant of an injunction to that party would be an abuse of discretion), *trans. denied*.  Andert has not shown that:  his remedies at law are inadequate; he has a reasonable likelihood of success at trial; the threatened injury outweighs the threatened harm the grant of the injunction may inflict on the defendant; or, by the grant of the preliminary injunction, the public interest would be disserved.  *See Barlow*, 744

---

[9] Although being incentivized to admit guilt by a reduction in one's release date does not constitute compulsion according to *Bleeke*, 6 N.E.3d 907, neither *Bleeke* nor any other Indiana case has addressed whether being required to admit guilt as part of a DOC program while a post-conviction relief action is pending is prohibited under the Fifth Amendment.  *See Gilfillen v. State*, 582 N.E.2d 821, 824 (Ind. 1991) (holding trial courts may not insist on admission of guilt as condition of probation, which is a function of our judiciary); *Moore v. State*, 909 N.E.2d 1053, 1058 (Ind. Ct. App. 2009) (refusing to address the constitutionality of INSOMM as applied to an inmate preparing a post-conviction relief petition when the case could be decided on non-constitutional grounds).  When a post-conviction relief action is pending, there is, of course, the possibility of a reversal of the conviction and a remand for a new trial; thus, there is a possibility that, ultimately, the petitioner could be found innocent after a retrial.  Accordingly, the consequences of admitting guilt in the INSOMM program could place the petitioner in jeopardy on retrial if the State sought to admit those statements at that time.  *See, e.g.*, *Reinhardt v. Kopcow*, 66 F.Supp.3d 1348, 1356-57 (D. Colo. 2014) (holding inmates with direct appeals pending could not, consistent with Fifth Amendment, be required as part of a sex-offender treatment program to admit to guilt for the crimes they were still appealing, since this could lead to a much more significant penalty than being placed on restricted privileges or losing good time credits).

However, this is not the case to decide this issue of first impression.  As noted above, Andert has provided insufficient evidence that he is required to participate in the INSOMM program pending finalization of his post-conviction relief action.  And he does not suggest here that he would not have an objection to the admissibility of the INSOMM statements sustained at a later retrial.

N.E.2d at 5. The trial court did not err when it denied Andert's motion for a preliminary injunction.

[11] Affirmed.

Kirsch, J., and Barnes, J., concur.