**Bruce Roy LIND, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 46A03–8903–CR–00072.

Court of Appeals of Indiana, Third District.

March 5, 1990.

Susan K. Carpenter, Public Defender of Indiana, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., of Indiana, Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Defendant-appellant Bruce Roy Lind appeals the trial court's decision revoking his probation.

The facts relevant to this appeal disclose that on May 21, 1984 defendant pled guilty to child molesting pursuant to a plea agreement with the State and was sentenced to eight years in a medium security facility.

Defendant filed a motion for modification of sentence which was granted on December 10, 1984. The court's order read in relevant part:

"... defendant:

(a) is hereby placed on formal probation with this court for the balance of the determinate sentence of eight (8) years previously imposed against him;

(b) shall make restitution to the family of the victim in this cause in the sum of $2,334.88, on or before December 6, 1985;

(c) shall undergo counselling and therapy and pay all fees and expenses incurred with respect thereto; and

(d) shall have no contact with the victim or his family."

Defendant signed an order of probation on December 17, 1984 which contained the

specific terms of the court's order plus the standard conditions of probation.

On November 25, 1986, a petition for revocation of suspended sentence was filed by his probation officer due to the fact that defendant's therapy with his therapist had been terminated. However, an agreement was reached between all parties and defendant was entered in H.E.L.P., the Human Effective Living Program. But due to defendant's poor attendance in the program, a petition for revocation of suspended sentence was filed. The court revoked defendant's probation on July 15, 1988 finding that "the defendant violated the terms and conditions of his probation in that he missed sessions on the 10th and 17th days of February, the 11th day of May, the 1st and 8th days of June, 1987, without proper excuse[.]"

Appellant raises two issues for review:
(1) whether the trial court erroneously revoked Lind's probation based upon conditions not entered into the record at the time of sentencing and not provided him in writing at the time he was placed on probation; and
(2) whether the trial court impermissibly admitted certain evidence at the hearing.

Appellant argues that the trial court could not revoke his probation on the sole basis that he missed sessions at the H.E.L.P. program. He contends that attending sessions regularly, which is a requirement of the H.E.L.P. program, was never specified in the record at the hearing nor was it given to him in writing.

The court ordered that Lind undergo counselling and therapy. It was then between the probation officer and Lind to find satisfactory counselling and therapy for Lind. Lind originally started therapy at the Swanson Center but for whatever reason this therapy was terminated. Lind then began therapy in the H.E.L.P. program. However evidence was presented that Lind missed numerous sessions at H.E.L.P. His counselor testified that without regular attendance a patient cannot be successfully and safely treated in an outpatient setting. It was a rule at H.E.L.P.

that two unexcused absences resulted in an automatic request for a violation of probation hearing. Since Lind had more than two unexcused absences, his probation officer was notified resulting in Lind's probation being revoked.

■ It is inherent in the trial court's order to undergo counselling and therapy that the defendant enter into counselling to receive the necessary help that he needs to overcome his problems. This means that whether the defendant engaged in treatment with the Swanson Center or with the H.E.L.P. program it was essential that defendant abide by their rules so that he could be successfully treated. The defendant's failure to adhere to the program's attendance policy shows a blatant disregard by the defendant for the trial court's order to undergo counselling and treatment.

■ Appellant next argues that highly prejudicial evidence was impermissibly admitted. Lind claims that the State only alleged one violation of his probation which was his poor attendance in the H.E.L.P. program, but that the following immaterial and irrelevant evidence was admitted into evidence:
(1) that defendant allegedly had sexual relations with a child since his release on probation;
(2) that defendant's place of employment was unsatisfactory since it involved making deliveries to schools where children were present;
(3) that on July 6, 1988, during the course of an appointment with his probation officer, defendant allegedly said that if he went to prison, there would be a child molester on the streets in three years.

However, evidence was presented that defendant has missed numerous counselling and therapy sessions. The trial court was very specific in citing defendant's poor attendance as the reason his probation was being revoked so that it is obvious that the questioned evidence did not contribute to the trial court's holding.

Affirmed.

STATON, J., concurs.

MILLER, J., concurs in result.