Terry GILFILLEN, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S04–9112–CR–1001.

Supreme Court of Indiana.

Dec. 18, 1991.

Aaron E. Haith, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION TO TRANSFER

KRAHULIK, Justice.

Terry Gilfillen seeks transfer to this Court after the Court of Appeals affirmed the revocation of his probation in a memorandum decision. *Gilfillen v. State* (1991), Ind.App., 577 N.E.2d 279. (Miller, J. and Conover, J.; Sullivan J. dissenting). Because we believe that the probation was wrongfully revoked, we now grant transfer.

Gilfillen was convicted, by jury, of two counts of child molesting, *Ind.Code* § 35–42–4–3(c), a class C felony, *Ind.Code* § 35–42–4–3(d), a class D felony, and one count of incest, *Ind.Code* § 35–46–1–3(a), a class D felony. Gilfillen was sentenced to eight years on count I and two years each on counts II and III, all to be served concurrently. The trial court suspended three years of the sentence, and ordered Gilfillen to serve two years on probation following his jail term. At the sentencing hearing, the trial court specified that "a condition of that probation is that defendant receive counseling for a two-year period or until such time as he is released from counseling by the Probation Department." The perti-

nent portion of the written conditions of probation provided that Gilfillen "receive counseling after DOC."

Gilfillen was placed on probation February 12, 1989, at which time the probation officer advised him he was to participate in sexual abuse counseling. Gilfillen began counseling through Metro Health. In April 1990, his probation officer received a letter from the counselor at Metro Health indicating that Gilfillen had been seen for the past year, but was attending the counseling sessions in order to satisfy the conditions of probation and to prove his innocence rather than to work on issues relating to sexual abuse treatment. After receipt of that letter, the probation officer advised Gilfillen to enroll in another program. Gilfillen attempted to enroll in a program at Midtown Health, but was denied admittance after a pre-screening interview because of the strength of his denial that he had any sexual abuse problem. Thereafter, the probation officer filed notice of the probation violation. It is undisputed that Gilfillen, during counseling, denied that he had any sexual abuse problem and spent his time with counselors protesting his innocence. It is also undisputed that the only reason he was attending counseling sessions was to comply with the conditions of probation.

At the revocation hearing, the trial court found that Gilfillen had violated the conditions of his probation because he had not made a good faith effort to work on his sexual abuse problem and he had twice failed to complete a counseling program. Gilfillen appealed, contending that probation was improperly revoked because he had never been informed that he had to receive a particular kind of counseling or achieve a particular result. The majority opinion of the Court of Appeals concluded that because Gilfillen had not participated successfully in any treatment for sexual abuse, he was not receiving any treatment for the problem which caused him to be convicted of child molesting, and that the trial court was within its authority to revoke probation. The dissent reasoned that the majority opinion saddled Gilfillen with an impossible burden to carry, viz., the duty to attend counseling and to prove that he was benefiting from that counseling.

Gilfillen seeks transfer on the grounds that (1) the requirement that he obtain sexual abuse therapy was not specified as a condition of probation and that to allow such a condition to be inferred is an improper delegation of authority by the trial court to the probation department; and (2) that he cannot be required to demonstrate that he benefited from counseling or that he successfully completed a therapy program which required that he admit his guilt.

### 1. *Propriety of ordering counseling.*

■ The Court of Appeals properly resolved this issue:

> We agree with the State that the trial court was not required to specify sexual abuse treatment as the specific type of counseling. The probation conditions are controlled by statute, which provides that the court may require a person to undergo medical or psychiatric treatment and to satisfy conditions *reasonably* related to the person's rehabilitation. [*Ind.Code* §] 35–38–2–2. Thus, the appropriate counseling for Gilfillen's rehabilitation would be a sexual abuse treatment program. This situation is analogous to drug treatment as a condition of probation. This court has held that a court is not required to specify the particulars of a drug treatment program.

Slip opinion, p. 7. *See also White v. State,* 1990, Ind., 560 N.E.2d 45, 47, where this Court stated,

> The judge sets the 'conditions of probation' and the probation officer supervises and assists the defendant in implementing and carrying out those conditions.... Those specifics are not "conditions of probation" but are details in the implementation and execution of the order.

Accordingly, the trial court did not err in ordering "counseling," and the Probation Department properly specified "sexual abuse therapy."

2. *Propriety of probation revocation.*

 In concluding that probation was properly revoked, the Court of Appeals relied on *Lind v. State* (1990), Ind.App., 550 N.E.2d 823. In *Lind,* the defendant pled guilty to child molesting and was placed on probation with the condition that he undergo counseling. His probation was revoked when he was terminated from the program because he failed to attend counseling sessions regularly. The *Lind* court concluded that "the defendant's failure to adhere to the program's attendance policy shows a blatant disregard by the defendant for the trial court's order to undergo counseling and treatment," and affirmed the revocation of the defendant's probation. *Id.* at 824. *Lind* is distinguishable from the instant case. First, the violation at issue in *Lind*—whether the defendant had attended counseling regularly—was one easily ascertained, and we agree that probation may be revoked if the probationer does not regularly attend counseling sessions if ordered to do so. Second, the defendant in *Lind* pled guilty to child molesting. By pleading guilty, he had already admitted to having a problem in this area, and he was not contesting being required to make any further admissions during the course of therapy. Thus, in *Lind,* the defendant's probation was revoked because he did not abide by the administrative rules of the counseling program.

 By contrast, Gilfillen regularly attended the ordered counseling sessions. Also, he did not plead guilty and, therefore, has not admitted to having any child molesting problem. In fact, he continues to protest his innocence. Under these circumstances, requiring Gilfillen to admit that he has a problem with child molesting or face revocation of probation is tantamount to requiring that he admit that he is guilty of the crimes charged. Clearly, this is unacceptable.

 We recognize that probation is a matter of grace, and whether probation is granted is within the trial court's discretion. *Hoffa v. State* (1977), 267 Ind. 133, 136, 368 N.E.2d 250, 252. Reasonable conditions on probation may be imposed on a defendant, but thought control is not one of them. Thus, in a circumstance such as this, where the defendant has not pled guilty but was instead convicted while denying guilt, trial court may not insist on an admission of guilt as a condition of probation or use a continued denial of guilt as the basis for revocation. We do not mean to imply, however, that such facts may not be used by the trial court in determining whether a particular defendant is an appropriate candidate for probation in the first instance.

## CONCLUSION

Accordingly, we grant Gilfillen's petition to transfer, vacate the opinion of the Court of Appeals, reverse the trial court, and remand for a further probation revocation hearing consistent with this opinion.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.