# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 27 2015, 7:04 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Donald J. Frew<br>Fort Wayne, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Chandra K. Hein<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bonnie Motsch,<br><br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br><br>*Appellee-Plaintiff.* | July 27, 2015<br><br>Court of Appeals Cause No.<br>02A03-1412-CR-451<br><br>Appeal from the Allen Superior Court<br>Cause No. 02D06-1401-FD-16;<br>02D06-1407-FD-721; 02D06-1405-CM-2130<br><br>The Honorable Frances C. Gull, Judge<br>The Honorable Samuel Keirns, Magistrate |

**Barnes, Judge.**

# Case Summary

[1] Bonnie Motsch appeals her sentence of six years after pleading guilty to Class D felony theft, Class A misdemeanor possession of paraphernalia, Class A misdemeanor driving while suspended, and Class D felony possession of a controlled substance. We affirm.

# Issue

[2] Motsch raises one issue on appeal, which we restate as whether her sentence is inappropriate in light of the nature of the offenses committed and her character.

# Facts

[3] On December 29, 2013, a Walmart loss prevention officer reported a theft incident involving Motsch. Motsch had placed several goods in her purse and went beyond all points of sale without paying. When the loss prevention officer attempted to stop her, Motsch started to run away. During the pursuit, Motsch attempted to hide her purse under a car. The purse was recovered with the many stolen items inside. Motsch admitted to stealing the items with the intention to resell them. On January 3, 2014, the State charged Motsch with Class D felony theft under cause number 02D06-1401-FD-16 ("FD-16").

[4] While out on bond for the FD-16 offense, Motsch drove an uninsured vehicle with a suspended license. While operating the car illegally with other passengers inside, Motsch placed a hypodermic needle on the dashboard.

When pulled over by police officers, Motsch denied that any illegal substances were in the vehicle. After obtaining consent from the owner to search the vehicle, officers found Motsch's hypodermic needle, which she admitted was hers and had been used to inject heroin a few days prior. On May 29, 2014, Motsch was charged with possession of paraphernalia and driving while suspended, both class A misdemeanors, along with two traffic infractions of operating a motor vehicle without financial responsibility and improper display of a license plate on a vehicle, under cause number 02D06-1405-CM-2130 ("CM-2130").

After Motsch failed to appear for a hearing, a warrant was issued for her arrest. On July 1, 2014, she was arrested and had a controlled substance in her possession. Motsch was charged with possession of a controlled substance, a class D felony, under cause number 02D06-1407-FD-721 ("FD-721"). She committed this offense while out on bond under both FD-16 and CM-2130. On July 21, 2014, Motsch entered into a plea agreement whereby she agreed to plead guilty to theft, possession of paraphernalia, driving while suspended, and possession of a controlled substance. The State dismissed the traffic infractions.

On November 20, 2014, under FD-16, Motsch was sentenced to two years and ordered to pay $103.11 in restitution. Under CM-2130, Motsch was sentenced concurrently to one year for possession of paraphernalia and one year for driving while suspended. Under FD-721, Motsch was sentenced to three years. The sentences will be served consecutively for an aggregate sentence of six years. Motsch now appeals.

# Analysis

[7] We assess whether Motsch's sentence is inappropriate under Indiana Appellate Rule 7(B) in light of her character and the nature of the offense. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007). Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id*. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id*.

[8] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id*. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Id*. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a

portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[9] Regarding the nature of the offenses, it is important to consider that Motsch committed several crimes within a short time period. We acknowledge that Motsch's offenses were not particularly egregious or heinous; however, the various crimes were committed less than a year apart.

[10] Motsch not only stole $100 worth of merchandise from Walmart, but the items she stole were too damaged to be returned to stock. Less than a month later, while out on bond for that offense, Motsch drove an uninsured vehicle with a suspended license. While operating the vehicle with other occupants inside, Motsch set a hypodermic needle on the dashboard. After being pulled over by police and questioned about contraband inside the car, Motsch did not inform officers about the hypodermic needle on the dashboard and told officers that the vehicle contained no contraband. Following this arrest, Motsch was ordered to report to a drug court program.

[11] Twenty-one days after Motsch entered into the drug court program, Motsch tested positive for both morphine and alcohol use. Two days later, Motsch tested positive for drugs again. Less than a month after entering the program, Motsch skipped at least one drug screen and was subsequently terminated from the program. Motsch also twice failed to appear in court for a drug court program status hearing and warrants were issued for her arrest. When she was arrested, she had a controlled substance in her possession.

[12] Along with her contention about the nature of the offenses, Motsch claims that her sentence is inappropriate in light of her character. We acknowledge positive character traits such as Motsch accepting responsibility for her wrongdoings and being remorseful about her actions, as indicated by her pleading guilty. However, we see no "substantial virtuous traits or persistent examples of good character." *See Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). These positive attributes cannot be evaluated in isolation without understanding the totality of Motsch's character. Motsch argues she has a "sincere desire" to make the necessary changes to become a sober individual. Sentencing Tr. p. 9. She further contends that her "life is and has been entirely out of control . . . . " *Id.* at p. 8. However, the courts have provided Motsch with ample opportunities to seek help in dealing with her drug addiction and to take control of her life.

[13] Prior to her current offenses, Motsch had several incidents of involvement with the criminal justice system, which all seem to be drug related. In 2002, Motsch was charged with public intoxication. In 2003, Motsch was charged with resisting law enforcement. Less than a year later after being charged with resisting law enforcement, Motsch was charged with burglary, forgery, and identity deception along with a misdemeanor conviction for paraphernalia possession. In addition to the multiple charges Motsch has faced in the past, Motsch has participated in five different substance abuse programs. Motsch was unsatisfactorily discharged multiple times from various home detention and community corrections programs. Although Motsch does not have a

juvenile record, she has clearly established a longstanding history as an adult criminal.

[14] Motsch has failed to recognize defendants are "not entitled to serve a sentence in either probation or a community corrections program. Rather, placement in either is a 'matter of grace' and a 'conditional liberty that is a favor, not a right.'" *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999) (quoting *Gilfillen v. State*, 582 N.E.2d 821, 824 (Ind. 1991)). Motsch is a repeat violator of probation, parole, home detention, and drug court programs. Despite the repeated efforts to rehabilitate Motsch through various drug programs and lenient sentences, Motsch continuously abused drugs and disobeyed the law.

[15] It is clearly evident that the prior imposition of more lenient sentences and implementing drug programs for Motsch has not been an effective means of dealing with her drug addiction and repeated criminal history. Based on the discussed factors above, Motsch's various offenses warrant her sentence.

[16] This case is distinguishable from the recent case of *Norris v. State*, 27 N.E.3d 333, (Ind. Ct. App. 2015), upon which Motsch relies. In *Norris*, our court held that a twenty-year sentence was inappropriate in light of nature of offense and defendant's character. In *Norris*, the defendant had a minimal criminal history and had previously completed home detention and probation successfully. By contrast, as the state notes, "Motsch has continually violated the terms and conditions of probation, parole, home detention, and, most recently, the Drug Court Program." Appellee's Br. p. 6. The defendant in *Norris* committed one

offense, whereas Motsch's actions while out on bond alone were significantly more numerous. Given the nature of Motsch's aggregate offenses and her poor character, we cannot say that the trial court's sentence was inappropriate.

## Conclusion

[17] Motsch has not established that her sentence is inappropriate in light of the nature of the offenses or her character. We affirm.

[18] Affirmed.

Riley, J., and Bailey, J., concur.