## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 17 2017, 10:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Drew Thomas Majors,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 17, 2017<br><br>Court of Appeals Case No.<br>48A02-1705-CR-1171<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Mark K. Dudley, Judge<br><br>Trial Court Cause No.<br>48C06-1602-F5-256 |

**Pyle, Judge.**

# Statement of the Case

Drew Thomas Majors ("Majors") appeals the trial court's revocation of his probation and order that he serve his previously suspended one-year sentence. He argues that: (1) the trial court abused its discretion when it revoked its probation; and (2) the trial court abused its discretion when it ordered him to serve his entire suspended sentence. Because we find that the trial court did not abuse its discretion in either respect, we affirm the trial court.

We Affirm.

# Issues

1. Whether the trial court abused its discretion when it revoked Majors' probation.

2. Whether the trial court abused its discretion when it ordered Majors to serve his previously suspended sentence in the Department of Correction.

# Facts

On May 16, 2016, Majors pled guilty to Level 6 felony residential entry and to Class A misdemeanor theft. The trial court sentenced him to two years, with one year executed and one year suspended to probation, for his residential entry conviction and to nine months for his theft conviction. The trial court also ordered the sentences to run concurrently.

Subsequently, on April 21, 2017, the Probation Department filed a notice of violation of probation, alleging that Majors had violated the terms of his probation by: (1) failing to report to the Probation Department; (2) failing to

obtain a GED; (3) failing to obtain a substance abuse evaluation at a treatment facility and to comply with treatment recommendations; (4) testing positive for Cannabinoids on March 3, 2017; and (5) failing to maintain employment. Four days later, the Probation Department amended its notice to add an allegation that Majors had violated his probation by committing two new criminal offenses—Level 3 felony aggravated battery resulting in the loss or impairment of bodily function and Level 6 felony auto theft.

[5] The trial court held a probation revocation hearing on May 23, 2017. At the hearing, Majors admitted to the first five alleged violations of his probation. With respect to his efforts to obtain a GED, he said that he had enrolled at the Excel Center but admitted that he had never started classes. With respect to his employment, he said that he had been employed from November 2016, when he was released from prison, until March 2017, but he acknowledged that he had not been employed since that time. Also at the hearing, Anderson Police Department Detective Larry Crenshaw presented evidence that Majors had committed the aggravated battery and auto theft offenses for which he had recently been charged.

[6] At the conclusion of the hearing, the trial court noted that Majors had admitted the first five alleged probation violations listed in the State's notice of probation violation. The trial court also found that the State had met its burden of proving that Majors had committed new criminal acts while on probation, specifically the aggravated battery and auto theft charges. The trial court

revoked Majors' probation and ordered him to serve his previously suspended one-year sentence in the Department of Correction. Majors now appeals.

# Decision

On appeal, Majors argues that the trial court abused its discretion when it: (1) revoked his probation; and (2) ordered him to serve his previously suspended one-year sentence. We will address each of these issues in turn.

## 1. Probation Revocation

Majors challenges the trial court's revocation of his probation by arguing that the trial court should not have considered his failure to maintain employment or his alleged commission of new crimes. With respect to his failure to maintain employment, he asserts that there was no evidence that his actions were voluntary. With respect to his alleged commission of new crimes, Majors asserts that the trial court impermissibly relied on hearsay evidence that should not have been admitted into evidence at the hearing.

However, we need not address the merits of either of Majors' arguments challenging the revocation of his probation, because we have previously held that violation of a single condition of probation is sufficient to revoke probation. *See Luke v. State*, 51 N.E.3d 401, 421 (Ind. Ct. App. 2016), *trans. denied.* Majors admitted to four other probation violations that he does not challenge on appeal. One of his admissions was that he had tested positive for Cannabinoids, a criminal offense, in March 2017. Based on these additional,

unchallenged violations, we conclude that the trial court did not abuse its discretion in revoking Majors' probation.

## 2. Order to Serve Suspended Sentence

[10] Majors also argues that the trial court abused its discretion when it ordered him to serve his previously suspended one-year sentence. Our supreme court has previously noted that probation is an alternative to commitment in the Department of Correction and is ordered at the sole discretion of the trial court. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999), *reh'g denied*. A defendant is not entitled to serve a sentence on probation. *Id*. Rather, placement on probation is a "'matter of grace'" and a "'conditional liberty that is a favor, not a right.'" *Id*. (quoting *Gilfillen v. State*, 582 N.E.2d 821, 824 (Ind. 1991)). Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." IND. CODE § 35-38-2-3(h)(3). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id*. As a result, we review a trial court's sentencing decision from a probation revocation for an abuse of discretion. *Id*. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*.

[11] Majors' argument relies on his above contention that the trial court improperly considered his commission of new crimes. He contends that we should remand because the trial court would not have ordered him to serve his entire suspended sentence if it had not improperly considered the allegation that he had committed new crimes.

[12] Again, we need not address whether the trial court improperly determined that Majors had committed new crimes, because there was ample evidence to support the trial court's sanction requiring Majors to serve his previously suspended sentence, regardless of the new crimes. Even if we do not consider the probation violations that Majors challenges on appeal, he still admitted to four violations. He violated those four conditions of probation within a few short months of being released from prison. Further, his violations were not, as he alleges, "no more than technical violations," as he admitted to substantial violations such as testing positive for Cannabinoids. (Majors' Br. 8). Accordingly, we conclude that the trial court did not abuse its discretion when it ordered Majors to serve his previously suspended sentence.

[13] Affirmed.

Riley, J., and Robb, J., concur.