## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 23 2020, 9:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Paula M. Sauer
Danville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Abasifreke Ukpong,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 23, 2020

Court of Appeals Case No.
19A-CR-2347

Appeal from the Hendricks
Superior Court

The Honorable Mark A. Smith,
Judge

Trial Court Cause No.
32D04-1502-F5-8

**Tavitas, Judge.**

# Case Summary

Abasifreke Ukpong appeals the trial court's imposition of his previously suspended sentence after his probation revocation. We affirm.

# Issue

The issue on appeal is whether the trial court abused its discretion when it ordered Ukpong to serve his previously suspended sentence on work release following his probation revocation.

# Facts

On February 5, 2015, Ukpong was charged in Hendricks County with corrupt business influence, a Level 5 felony, and counterfeiting, a Level 6 felony. Ukpong failed to appear for multiple hearings, including two failures to appear due to detainment or incarceration for offenses separate from the present cause: January 11, 2016, due to detainment in Blackford County, and May 16, 2016, due to incarceration in Texas for credit card fraud for which he served nine months in jail.

Ukpong originally pleaded guilty on March 21, 2016, to corrupt business influence, a Level 5 felony, but he failed to appear for the sentencing hearing on May 16, 2016, due to his incarceration in Texas. On August 14, 2017, the trial court accepted Ukpong's plea and sentenced him to the Department of Correction ("DOC") for four years, with one year to be executed on work release and three years to be served on probation. The trial court ordered his

sentence to be served consecutively to a misdemeanor sentence in Marion County in cause number 49G20-1509-CM-32704 ("CM-32704").[1]

[5] While on probation, Ukpong was charged with possession of marijuana, a Class B misdemeanor. After his arrest, Ukpong contacted his Marion County probation officer, but Ukpong failed to notify Hendricks County authorities of his arrest. Ukpong claims he did not realize he was required to notify Hendricks County authorities of his arrest because his probationary period in Hendricks County had not begun.[2] On November 26, 2018, the State subsequently filed a petition alleging Ukpong violated his probation based on his new criminal charge, possession of a controlled substance, and his failure to timely notify his probation officer of contact with law enforcement.

[6] On July 29, 2019, the trial court held an evidentiary hearing wherein Ukpong admitted to all three allegations. The trial court revoked his probation and imposed Ukpong's previously suspended sentence to be served on work release. The trial court concluded that there was "no benefit in returning" Ukpong to probation. Tr. Vol. II p. 12.

---

[1] On September 13, 2015, in CM-32704 Ukpong was charged with resisting law enforcement, a Class A misdemeanor; disorderly conduct, a Class B misdemeanor; and public intoxication, a Class B misdemeanor. Ukpong was sentenced for these crimes on July 28, 2017, and ordered to serve his sentence consecutively to a prior Marion County felony conviction for financial deceit in cause number 49G02-1503-F5-7205.

[2] At the time, Ukpong was serving his probationary period in Marion County for his sentence in case CM-32704. Ukpong's Hendricks County sentence was ordered to be served consecutively with the Marion County sentence.

[7] Ukpong filed a motion to correct error, which was subsequently denied. A motion for relief from clerical error was filed on September 12, 2019, which the trial court granted and issued an amended court order on violation dated September 9, 2019. Ukpong now appeals.

## Analysis

[8] Ukpong argues that the trial court abused its discretion when it ordered Ukpong to serve his previously suspended sentence on work release following the revocation of his probation. "[A] trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

[9] Probation as an alternative to incarceration is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999) (quoting *Gilfillen v. State*, 582 N.E.2d 821, 824 (Ind. 1991)). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Votra v. State*, 121 N.E.3d 1108, 1112 (Ind. Ct. App. 2019) (quoting *Prewitt*, 878 N.E.2d at 188). "[O]bstacles to revoking an alternative sentence may diminish the likelihood of community corrections placements being made in the first place." *Cox*, 706 N.E.2d at 550.

[10] Indiana Code § 35-38-2-3(h) governs the sanctions the trial court may impose when probation is violated. Subsection (h) provides:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>
> > (1) Continue the person on probation, with or without modifying or enlarging the conditions.
> >
> > (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
> >
> > (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(h).

[11] Ukpong argues that the trial court abused its discretion because: (1) this was his first probation violation; (2) all three allegations were connected with the single act of possessing marijuana; (3) the violation did not cause physical harm or pecuniary loss; (4) Ukpong admitted the violation; (5) the sentence imposed was longer than recommended by his probation officer; and (6) Ukpong reasonably believed that he met his reporting obligation by notifying the Marion County probation officer.

[12] In support of his argument, Ukpong points to *Ripps v. State*, 968 N.E.2d 323 (Ind. Ct. App. 2012), in which this Court found an abuse of discretion in revoking the defendant's probation. The defendant in *Ripps* was convicted of child molesting, a Class C felony, and violated his probation by committing the

new offense of residing within 1,000 feet of a public park and youth program center when he moved into an assisted living facility. The trial court revoked the defendant's probation and ordered him to serve the remainder of his sentence in the DOC. This Court found an abuse of discretion because:

> Ripps was sixty-nine years old and suffering from serious health issues, including terminal cancer; he was attempting to adhere to his probation conditions, as evidenced by his going to the sheriff's office to register his new address; although he was initially in violation of the residency restriction, evidence reveals he was taking steps to correct the violation by finding a new residence; while he did live within 1,000 feet of the public library, this was only so by about twenty feet and some ambiguity exists in how this distance was measured; and, last, Ripps previously served time in prison for a crime that was later vacated as violative of our constitutional ex post facto provision.

*Ripps*, 968 N.E.2d at 328.

[13] Ukpong's case is distinguishable from *Ripps*. Ukpong has not demonstrated the same level of commitment to complying with the terms of his probation. "The violation of a single condition of probation is sufficient to revoke probation." *Luke v. State*, 51 N.E.3d 401, 421 (Ind. Ct. App. 2016) (citing *Wilson v. State*, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999)), *trans. denied*. The conditions of Ukpong's probation required him to obey all laws and to report any contact with law enforcement to his probation officer within forty-eight hours. Ukpong not only violated his probation by failing to report; he also committed the new criminal

offense of possession of marijuana. Both violations are more than a technical violation of probation.

[14] Ukpong demonstrated a lack of compliance when he committed the new offense of possession of marijuana; and, although Ukpong notified his Marion County probation officer of his arrest for possession of marijuana, he failed to report the arrest to the probation authorities in Hendricks County. *See Terpstra v. State*, 138 N.E.3d 278, 289-290 (Ind. Ct. App. 2019) (affirming the imposition of defendant's previously suspended sentence where defendant committed a new criminal offense and failed to report the arrest). Under these circumstances, the trial court did not abuse its discretion.

## Conclusion

[15] Ukpong has not demonstrated that the trial court abused its discretion by imposing his previously suspended sentence on work release. We affirm.

[16] Affirmed.

Najam, J., and Vaidik, J., concur.